UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LARRY WALKER, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | Civ. No. CC-07-440 |
| § | | |
| ALLSTATE TEXAS LLOYDS § | | |
|    Defendant. § | | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND AND GRANTING MOTION FOR SUMMARY JUDGMENT

The Court considers plaintiff's Motion to Remand (D.E. 18) and defendant's Motion for Summary Judgment (D.E. 9). The Court heard oral argument on these motions on January 17, 2008. For the following reasons, plaintiff's Motion to Remand is DENIED and defendant's Motion for Summary Judgment is GRANTED.

Background

This suit arises out of a physical altercation between the plaintiff and another man, Jim Holland. Plaintiff sued Holland in state court for his injuries, and Holland requested defense under his homeowner's insurance policy issued by defendant. Defendant declined to provide a defense. The parties settled, and as part of the settlement agreement, Holland assigned to plaintiff his claims against defendant for its failure to defend him. Plaintiff then brought suit in state court asserting Holland's claims.

The suit was removed to this Court by defendant under 28 U.S.C. § 1441. It is predicated on diversity jurisdiction under 28 U.S.C. § 1332 and governed by Texas law.

1

Motion to Remand

Plaintiff contends that the case at hand does not meet the amount in controversy requirement of $75,000 necessary to maintain jurisdiction in federal court.  A defendant who removes a case to federal court must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  When evaluating whether defendant has met this burden, the court should evaluate whether it is facially apparent that the claims exceed the jurisdictional minimum.  *Id.*

Defendant relies on plaintiff's amended state-court petition to support its argument that federal jurisdiction is proper.  In the petition, plaintiff requests the following monetary relief in: economic damages, mental anguish damages, treble damages, punitive damages, attorney's fees, prejudgment and post-judgment interest, and costs of suit.  Defendant argues that there is a $300,000 homeowner's insurance policy at hand and that plaintiff's request of extensive damages demonstrates that more than $75,000 is at issue.

Plaintiff responds by identifying a conflicting portion of his state-court petition in which he indicates that he seeks monetary relief of $50,000 or less exclusive of costs, interest, and attorney's fees.  Plaintiff contends that this provision demonstrates that the $75,000 amount in controversy requirement is not satisfied.

The Court finds that plaintiff has poorly pled his complaint.  He seeks numerous damages, including mental anguish damages, treble damages, punitive damages, and attorney's fees.  The Court is not convinced that less than $75,000 is at issue in the case.

The Court finds that the defendant has established by the preponderance of the evidence its right to be in federal court and DENIES plaintiff's Motion to Remand.

Motion for Summary Judgment

Summary judgment is appropriate when the movant can demonstrate that the pleadings, depositions, affidavits, and other evidence available to the court establish no genuine issue of material fact. FED. R. CIV. P. 56(c). Once the movant has met its burden, the nonmovant must demonstrate that there are fact issues warranting a trial. FED. R. CIV. P. 56(e). If the nonmovant fails to make a showing on an element for which he bears the burden of proof, the movant is entitled to judgment as a matter of law. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003). The evidence must be viewed in a light most favorable to the nonmovant. *Id; Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000).

Defendant moves for summary judgment asserting that there is no duty to defend or indemnify under the homeowner's insurance policy it issued. In determining whether an insurer has a duty to defend, the court must follow the "complaint allegation rule" and confine its inquiry to the factual allegations in the pleadings and the language of the policy. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997).

As identified by defendant, the underlying lawsuit between plaintiff and Holland succinctly states the facts of the altercation. The complaint from that suit asserts that the altercation began when Holland yelled profanity at plaintiff. Plaintiff attempted to calm Holland down, but Holland attacked him by striking him in the face and head and

kneeing him in the groin.  The insurance policy issued by defendant explicitly states that an occurrence covered under the policy "means an accident, including exposure to conditions, which result in bodily injury."  Further, the policy explicitly states that bodily injury caused intentionally by the insured is excluded from coverage.

Plaintiff does not dispute these facts but simply argues that the insurer's duty to defend is a broad duty and that it is possible to find that the altercation and injuries were caused by negligence and not intentional acts.

The Court finds that the underlying complaint clearly describes an intentional assault by Holland on plaintiff.  There is no reference to negligence in the pleading.  There are no facts to support any conclusion but that an intentional attack occurred.  Under these circumstances it is abundantly clear that defendant had no duty to defend or indemnify Holland.  The Court finds that plaintiff's claims are frivolous.  Accordingly, the Court GRANTS defendant's Motion for Summary Judgment (D.E. 9).  Plaintiff's case is DISMISSED with prejudice.

ORDERED this 18th day of January, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE